UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY T. YATES,

    Plaintiff,                             CIVIL ACTION NO. 09-11243

v.                                        DISTRICT JUDGE NANCY G. EDMUNDS
                                           MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

<u>RECOMMENDATION</u>:  Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work prior to June 1993, when his insured status expired.

\* \* \*

Plaintiff filed an application for Social Security disability insurance benefits on August 2, 2005, alleging that he had become disabled and unable to work on January 11, 1988, at age 39, due to back pain, left eye sensitivity and post concussion syndrome. Benefits were denied by the Social Security Administration. A requested <u>de novo</u> hearing was held on June 17, 2008, before Administrative Law Judge (ALJ) John Christensen. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of light work prior to June 1993, when his insured status expired. The ALJ concluded that, during that time period, the claimant had no more than occasional use of either arm for reaching, handling, grasping or fingering. The Law Judge also determined that Plaintiff had to wear tinted glasses in sunlight or in bright artificial light. The Appeals Council declined

to review the ALJ's decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 44 years old at the time his insured status expired in June 1993. He held a bachelor's degree in engineering, and had been employed as a licensed journeyman boilermaker from 1968 through 1988 (TR 155, 159). Claimant stopped working as a boilermaker twenty years ago due to severe head and neck pain, and he was never able to return to work (TR 159, 162). Plaintiff testified that he remained disabled due to severe joint pain affecting his back, neck, hands and arms (TR 163). Pain medications proved ineffective in reducing his discomfort (TR 167). Claimant was unable to go outside in bright sunlight without photo sensitive glasses, and freezing temperatures exacerbated his joint pain (TR 61).

A Vocational Expert, Timothy Shaner, classified Plaintiff's past work as heavy, skilled activity (TR 77). The witness testified that there were no jobs for claimant to perform if his testimony were fully accepted[1] (TR 174). If he were capable of light work, however, there were numerous unskilled clerical, attendant and surveillance monitoring jobs that he could perform with minimal vocational adjustment (TR 173). These simple, routine jobs did not involve any climbing of ropes, scaffolds or ladders. They required no more than occasional use of either arm for reaching, handling, grasping or fingering. Plaintiff would be allowed to wear tinted glasses in bright light (TR 173).

---

[1] The witness opined that claimant's alleged inability to concentrate and perform simple routine tasks due to severe back pain would preclude all work activity (TR 174).

**2**

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired during the relevant period as result of a disorder of the lumbar spine, a cervical strain, status post concussion and a history of photo-phobia, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's joint pain prevented him from climbing ropes, ladders and scaffolds, and from using his arms for more than occasional grasping, fingering or reaching. Plaintiff also had to use tinted glasses whenever he was exposed to bright light. Nevertheless, he found that the claimant retained the residual functional capacity to perform a significant number of light jobs, as identified by the Vocational Expert, prior to June 30, 1993, when his insured status expired.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

INSURED STATUS REQUIREMENT FOR DIB BENEFITS

A "period of disability" can only commence while an applicant is fully insured. 42 U.S.C. § 416(I)(2). The parties agree that the Plaintiff's insured status for purposes of receiving DIB benefits expired on June 30, 1993, and thus he cannot be found disabled unless he can establish a disability prior to that date. Gibson v. Secretary, 678 F.2d 653, 654 (6th Cir. 1982). Evidence relating to a later time period is only minimally probative, Siterlet v. Secretary, 823 F.2d 918, 920 (6th Cir. 1986), and is only considered to the extent it illuminates claimant's health before the expiration of insured status. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988). In other words, regardless of the seriousness of his present disability, Plaintiff must prove that he was disabled between January 11, 1988, his alleged onset date, and June 30, 1993, when his insured status expired, in order to be entitled to DIB benefits. Garner v. Heckler, 745 F.2d 383, 390 (6th Cir. 1984).

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work. Contrary to Plaintiff's assertion, the medical evidence did not support his

allegation of totally disabling joint pain. The ALJ's decision was consistent with the specific limitations imposed by examining physicians.

Dr. Marshall Pattullo, an examining physician, reported in September 1988, that Plaintiff enjoyed full ranges of motion in his arms and shoulders (TR 79). While neck movement was restricted, the doctor noted that claimant had normal neck muscle strength (TR 79). There were no neurological deficits, and a CT scan of the cervical spine appeared normal (TR 79). Dr. Pattullo concluded that claimant's neck and back pain would fade over time (TR 80). Dr. Roger Lemmon, an examining neurologist, reported in March 1989, that he was unable to explain the claimant's subjective symptoms on an objective basis (TR 86).

Plaintiff's treating physician, Dr. Peter Herkner, was unable to provide an orthopedic explanation for the complaints of chronic pain. In a report dated January 1990, Dr. Herkner noted a full range of cervical spine motion, good muscle strength and normal reflexes (TR 89). An MRI performed in June 1993 showed some degenerative narrowing of the cervical and lumbar spine, but there were no signs of a severe impairment[2] (TR 109-110).

Plaintiff testified that he could have performed sedentary work as of his date of last insured, and might have even been able to perform light work if the right job opportunity presented itself (TR 159-160). Plaintiff was able to exercise regularly, helped his mother perform household chores, and accompanied her to the grocery store (TR 68-70). He prepared the checks to pay the bills, and was able to mow the lawn every few weeks (TR

---

[2] In cases where, as here, the Appeals Council declines to review the ALJ's decision, judicial review is limited to the evidence that was part of the record before the Law Judge. Cotton v. Sullivan, 2 F.3rd 692 (6th Cir. 1993); Casey v. Secretary, 987 F.2d 1230, 1233 (6th Cir. 1993); Wyatt v. Secretary, 974 F.2d 680, 685 (6th Cir. 1993). Consequently, the evidence Plaintiff submitted to the Appeals Council (TR 116-118) was not considered by the undersigned.

70). When evaluating Plaintiff's residual physical functional capacity prior to June 1993, the Law Judge also took into consideration the fact that Plaintiff testified that he took only over-the-counter pain medication since January 1988 (TR 167). In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from his joint pain were not fully credible.

Contrary to Plaintiff's assertion, there was no objective medical evidence suggesting that he needed to rest frequently throughout the day during the relevant period. The ALJ took into consideration claimant's objectively proven functional limitations by restricting him to routine jobs that kept climbing, grasping, fingering and reaching to a minimum.

Plaintiff relies heavily upon the fact that Dr. Norvil Wyche opined, in October 1990, that he was totally disabled (TR 96). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980).  However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985).  Since Dr. Wyche offered no objective evidence to support his October 1990, disability opinion[3], his assessment need not have been given any special weight.  Miller v. Secretary, 843 F.2d

---

[3]The ALJ rejected the doctor's assessment, setting forth persuasive reasons for doing so. The ALJ noted that the claimant required essentially no treatment for his alleged physical injuries prior to the date of his last insured (TR 19).  Moreover, Dr. Wyche was not a treating doctor, since he evaluated claimant only once prior to rendering his opinion.

221, 224  (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered.  Landsaw v. Secretary, 803 F.2d  211, 213 (6th Cir. 1986).

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his various impairments. The Commissioner, however, met his burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with his significant impairments, the Vocational Expert testified that there were numerous unskilled clerical, attendant and surveillance monitoring jobs that he could perform with minimal vocational adjustment (TR 173). These simple, routine jobs did not involve any climbing of ropes, scaffolds or ladders. They required no more than occasional use of either arm for reaching, handling, grasping or fingering.  Plaintiff would be allowed to wear tinted glasses in bright light (TR 173). Given the objective clinical findings of the examining

physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise.  Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                         s/Donald A. Scheer
                                         DONALD A. SCHEER
                                         UNITED STATES MAGISTRATE JUDGE

DATED: September 11, 2009

## CERTIFICATE OF SERVICE

I hereby certify on September 11, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on September 11, 2009: **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217
